PEOPLE'S MUTUAL INSURANCE COMPANY *vs.* STEPHEN WEST-COTT & another.

A meeting of a mutual fire insurance company, called "for the purpose of making such alterations in the by-laws of said company as may be deemed necessary, and for the transaction of such other business as may come before them," cannot, after voting to increase the number of directors, (which is not limited by the by-laws,) elect the additional directors; and an assessment or call made at a meeting of the board of directors, at which only the additional directors so chosen are present, is void.

ACTION OF CONTRACT by a mutual fire insurance company, established by *Sts.* 1847, *c.* 18, and 1848, *c.* 312, to recover an assessment or call laid, under the circumstances stated in the opinion, upon a premium note signed by the defendants. Among the by-laws of the company in force in 1854 were these:

" ART. 1. There shall be an annual meeting of this company on the third Monday of January. Seven members shall constitute a quorum.

" ART. 2. Special meetings of this company shall be called whenever the directors may deem it necessary. Notice of all meetings of the company shall be given in two or more newspapers printed in Boston.

" ART. 3. The powers of this company shall be vested in twelve or more directors, who shall elect the necessary officers, fix their compensation and superintend the concerns of the company. Five directors shall constitute a quorum."

*J. A. Andrew & W. L. Burt,* for the plaintiffs, cited Angell & Ames on Corp. §§ 137, 286, 287; *Charitable Association in Granville* v. *Baldwin,* 1 Met. 359; *The King* v. *Bridge,* 1 M. & S. 76; *Crawford* v. *Powell,* 2 Bur. 1016; *Frost* v. *Mayor &c. of Chester,* 5 El. & Bl. 531; *Baird* v. *Bank of Washington,* 11 S. & R. 411; *Vernon Society* v. *Hills,* 6 Cow. 23; *McCall* v. *Byram Manuf. Co.* 6 Conn. 428; *Hughes* v. *Parker,* 19 N. H. 181; *Smith* v. *Erb,* 4 Gill, 437; *McDaniels* v. *Flower Brook Manuf. Co.* 22 Verm. 274; *Blanchard* v. *Dow,* 32 Maine, 557; *The Queen* v. *Alderson,* 11 Ad. & El. 3; *Ex parte Murphy,* 7 Cow. 153; *Ex parte Holmes,* 5 Cow. 426.

*H. C. Hutchins & E. Merwin,* for the defendants.

HOAR, J.  It is evident that the plaintiffs cannot maintain this action, unless the assessment or call made by the vote of September 13th 1854 was lawfully made, and created a valid obligation according to the contract of the defendants.

Previously to June 12th 1854, the by-laws of the company provided that " the powers of the company should be vested in twelve or more directors," and that five directors should constitute a quorum.  At the regular annual meeting of the company, held on the 16th of January 1854, twelve persons were chosen directors for the ensuing year, and held their offices on the 12th of June following.  On the 12th of June a special meeting of the company was held, in pursuance of a notice duly published, " for the purpose of making alterations in the by-laws, and for the transaction of such business as may come before them."  At the meeting thus held, the by-laws were altered by making four directors a quorum instead of five, and seven additional directors were chosen.  Four of the seven directors then chosen were the only directors who were present at the directors' meeting held on the 13th of September 1854, by which the assessment was made which is the foundation of this action.

It has been argued for the defendants that these were not directors of the company ; that their action in the premises was not authorized by law ; and that the claim made upon the defendants, by virtue of it, cannot be supported.  The *St.* of 1854, *c.* 453, § 15, provides that " every mutual insurance company shall annually elect, by ballot, not less than seven directors,' who " shall manage and conduct the business thereof."  A similar provision was made in the Rev. Sts. *c.* 37, § 25 ; and by § 27, authority was given to fill vacancies by a special election.

The officers thus chosen are chosen for the year succeeding the annual meeting ; and the point is certainly deserving grave consideration whether the power of the corporation to choose them is not exhausted, when, at an annual meeting, a number of directors, not less than the number required by law have been elected.  If the number to be chosen is not fixed by the by-laws, then the determination and choice of a particular number at the annual meeting might be regarded as having the

effect to fix it for the ensuing year; and there is no express au-thority given by statute to choose directors at any other time, unless to fill a vacancy.

But a decisive objection to the choice of these new directors is, that in the call for the meeting at which they were chosen there was no intimation of any purpose to make such an elec-tion. The only specific subject of action named was the altera-tion of the by-laws. There was no by-law limiting the number of directors, and no new by-law was adopted respecting the number to be chosen, or altering the time of holding the annual meeting. A measure of such importance to the members of the company, which might transfer the whole corporate power to new hands, could not fairly be embraced in the phrase "for the transaction of such business as may come before them."

It is urged on behalf of the plaintiffs that these were directors *de facto*, actually holding and exercising the office at the time the assessment was made, and that it is not open to the defend-ants to object collaterally to the legality of their election. But we think the doctrine of the validity of acts done *colore officii*, although well established by the authorities cited, is not ap-plicable to this case. In *Baird* v. *Bank of Washington*, 11 S. & R. 411, which is the case most relied on, a director of the bank was chosen at a meeting at which less than a quorum were present; and it was held, that his acts as an agent and officer of the bank were valid, as between the bank and third persons. But these defendants are not to be regarded as third persons in their relation to the insurance company. They are not debtors absolutely to the corporation. By the terms of their contract, their liability can only be created by an assessment or call made by the directors, officers in whose selec-tion they are entitled to a voice. The directors referred to in their contract were the twelve who were chosen at the annual meeting, and who held the office on the 13th of September 1854. No vote to increase the number had been passed at any meet-ing held for such a purpose. They were not bound to recognize as directors persons who were never lawfully chosen, and who were usurping the functions of an office already filled.

*Judgment for the defendants.*